IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR333 |
| | ) | |
| v. | ) | |
| | ) | |
| STACEY SELLNER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of Stacey Sellner to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Filing No. 60). Sellner makes four distinct claims alleging ineffective assistance of counsel: (1) her attorney's failure to file an appeal; (2) her attorney's failure to contest the amount of drugs attributed to her; (3) her attorney's failure to challenge her "position" in the conspiracy by requesting a bill of particulars under Federal Rule of Civil Procedure 7(f); and (4) her attorney's underestimation of the defendant's sentencing range. Sellner pled guilty to one count of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In her plea agreement, Sellner waived her right to appeal. She also waived her right to attack her conviction in a motion under 28 U.S.C. § 2255. However, the plea agreement explicitly excepted

from the §2255 waiver "post conviction relief based on ineffective assistance of counsel."

I. Failure to Appeal

A failure to file an appeal does not constitute per se ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The Eighth Circuit has indicated that an attorney's failure to pursue an appeal despite a waiver in the defendant's plea agreement cannot constitute ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) (citing approvingly *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The Court finds this approach consistent with the *Strickland* test for determinations of ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984) (holding that a defendant asserting ineffective assistance of counsel must show that the representation "fell below an objective standard of reasonableness," and that the deficiency caused prejudice to the defendant). The Supreme Court has reaffirmed the prejudice requirement in regard to claims that an attorney failed to file an appeal. *Flores-Ortega*, 528 U.S. at 484 ("critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal"). In the present case, defendant waived all right to appeal as part of her plea

agreement. Since defendant could not have brought an appeal even if her attorney had filed one, her attorney's failure to file did not cause the forfeiture of her appeal and, therefore, did not cause the prejudice required under *Strickland*.

II. Failure to Contest Amount of Drugs Attributed to the Defendant & Failure to Challenge "Position in the Conspiracy"

Both defendant's involvement in the conspiracy and the amount of drugs attributed to her were clearly laid out in the plea to which she agreed. She does not contend that her agreement to plead was not knowingly and voluntarily made. The drug quantity listed in the plea agreement and upon which defendant was sentenced was well established by the evidence, including defendant's own admission. Similarly, both proffer evidence and the defendant's own admission made clear that she played a significant role in the conspiracy to sell methamphetamine. Defendant has not provided, and the Court does not discern, a non-frivolous basis for challenging the drug quantity attributed to the defendant or her role in the conspiracy. More pointedly, defendant has failed to show that, had her attorney challenged the drug quantity or her position in

the conspiracy,[1] the outcome of the proceedings would be different.

III. Underestimation of the Sentencing Range

Finally, defendant claims she was prejudiced by repeated assurances from her attorney that she would receive a sentence of no more than ten years and that she "would not receive 'career offender' sentencing." Though she does not say so explicitly, defendant appears to be arguing that her attorney's alleged assurances of a ten-year sentence unaffected by the career offender provision of the guidelines precluded her from entering into a knowing and voluntary plea agreement and that she would not have made that agreement if she were properly informed of the guideline range.

If credited, defendant's account might satisfy the first prong of the *Strickland* test. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000) ("A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" (quoting

---

[1] Part of defendant's allegation of ineffective assistance is her attorney's failure to request a Bill of Particulars to aid in challenging her role in the conspiracy. Because the facts on which her role was based were clearly laid out in the plea agreement, defendant could not have been prejudiced by the kind of surprise that a Bill of Particulars is intended to avoid.

*Hill v. Lockhart*, 474 U.S. 52, 56 (1985))). Regardless, "[i]n order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012).

Eighth Circuit precedent firmly establishes "that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009) (collecting cases). The plea agreement included a "Penalties" section which identifies a maximum sentence of 40 years and the "Criminal History" section clearly contemplates the possibility of defendant being sentenced as a career offender. Defendant was given ample information about the consequences of her plea independent of her counsel. Therefore, as a matter of law, defendant could not have been prejudiced by any alleged

miscalculations of sentence by her attorney. A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of December, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court