IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:11CR333 |
| v. | MEMORANDUM AND ORDER |
| STACEY SELLNER, | |
| Defendant. | |

This matter is before the Court on defendant Stacey Sellner's ("Sellner") "Petition for Relief Pursuant to H.R. Bill 1893 (March 26, 2019) Title II Marijuana Justice Act of 2019 – Section 21,202,203" (Filing No. 92). In short, Sellner asks the Court to reduce "her sentence pursuant to the 'FIRST STEP ACT' and the H.R. BILL 1893 of the 'NEXT STEP ACT' of 2019." Sellner's motion is denied for three reasons.

First, the Marijuana Justice Act of 2019—which is presently Title II of the "Next Step Act of 2019"—has not been enacted into law. Even if it had been enacted, the sections Sellner cites have no bearing on her case. The effect of the proposed legislation would be to federally legalize marijuana and provide retrospective relief to those convicted of marijuana offenses. But Sellner was convicted of conspiring to distribute and possess with intent to distribute *methamphetamine*. As proposed, the "Marijuana Justice Act of 2019" says nothing about methamphetamine offenses.

Second, Sellner also asks for relief under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § app. C, amend. 782. But the Court sentenced Sellner as a career offender, and it is well established that a retroactive adjustment of the Guidelines ranges for drug quantity does not affect a defendant who was sentenced as a career offender. *See United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam); *United States v.*

*Williams*, 488 F. App'x 168, 169 (8th Cir. 2012) (unpublished per curiam); *United States v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010).

Finally, although Sellner briefly mentions the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), in her conclusion, it too offers her no help. As relevant here, that legislation authorized the Court to impose a reduced sentence on certain defendants convicted of offenses involving cocaine base. Again, Sellner's conviction involved methamphetamine, not cocaine base, so the First Step Act does not apply.

Based on the foregoing, Sellner's motion to reduce her sentence (Filing No. 92) is denied.

IT IS SO ORDERED.

Dated this 24th day of September 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge